1   JOHN A. RUSSO, City Attorney - State Bar #129729
    RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2   WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
    ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
3   One Frank H. Ogawa Plaza, 6th Floor
    Oakland, California  94612
4   Telephone:  (510) 637-0360          Fax:  (510) 238-6500
    22827/317480
5
    Attorneys for Defendant
6   CITY OF OAKLAND

ORIGINAL
F I L E D

JAN 1 3 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA



10

11   ALEJANDRA CRUZ,                     Case No. C 04 0179
     OSCAR TINOCO, A Minor,
12   By And Through His Guardian Ad Litem,   **DEFENDANT CITY OF OAKLAND'S**
     ISABEL CRUZ,                       **PETITION FOR REMOVAL TO**
13   ALEJANDRO CRUZ,                    **FEDERAL COURT**
     ISRAEL ORTIZ,
14   CARLOS GALLARDO,

ADR

15                 Plaintiffs,

16          vs.

17   The CITY OF OAKLAND,
     V. RIVERA, Individually And In His Capacity
18   As A Police Officer For The City of Oakland,
     B. KLINE, Individually And In His Capacity
19   As A Police Officer For The City of Oakland,
     M. MUNOZ, Individually And In His Capacity
20   As A Police Officer For The City of Oakland,
     INTEVENTION AGENCY, INC.,
21   LEONARD MONTALVO,
     DAVID POLARIS,
22   SULTAN,
     JAMES WEISS,
23   EVA GARCIA,
     DOES 1 To 600,

24                 Defendants.

25

26

1    Petitioner City of Oakland states as follows:

2        1.    Defendant desires to exercise its rights under the provisions of Title

3 28 U.S.C. §1441, et seq. to remove this action from the Superior Court of the State of

4 California, County of Alameda, Unlimited Jurisdiction, where this action is now pending as

5 Alejandra Cruz, et al. v. The City of Oakland, et al., Superior Court No. RG03097560.

6        2.    This is an action of a civil nature in which the District Courts of the

7 United States have been given original jurisdiction in that it arises, in part, under the laws

8 of the United States, as provided in 28 U.S.C. §1331 and, further, in that it arises out of

9 Acts of Congress commonly known as 42 U.S.C. §1983, and the Fourth Amendment to

10 the United States Constitution.

11        3.    The date on or before which this defendant is required by the

12 California Code of Civil Procedure and the Rules of Alameda County Superior Court to

13 answer or otherwise plead to Plaintiffs' complaint has not lapsed.  A filed copy of Plaintiffs'

14 Amended Complaint was received by Defendant City of Oakland.  The complaint was

15 served on December 15, 2003.  This Petition for Removal is filed in accordance with the

16 requirements of 28 U.S.C. §1446.

17        4.    Pursuant to the provisions of 28 U.S.C. §1446, Defendant attaches

18 herewith and incorporates herein by reference, copies of the following documents

19 (attached as Exhibit A ) served upon it in this action:

20            (a)    First Amended Summons; and

21            (b)    Amended Complaint for Damages for:  Assault; Battery; False

22 Arrest; False Imprisonment; Violation of Civil Rights; Intentional Infliction of Emotional

23 Distress; Negligent Infliction of Emotional Distress; Negligence; Negligent Hiring, Training;

24 Supervision & Discipline; Punitive Damages.

25        5.    Attached as Exhibit B is a copy of the Defendants City of Oakland,

26 Officers V. Rivera, B. Kline and M. Munoz' Answer to Complaint filed with the Superior

1   Court on January 12, 2003.

2        6.     As declared above, Defendant City of Oakland desires and is entitled

3   to have this action removed from the Superior Court of the State of California for the

4   County of Alameda, Unlimited Jurisdiction, to the United States District Court for the

5   Northern District of California as such district is the district where the suit is pending and

6   conditioned that Defendant will pay all costs and disbursements incurred by reason of

7   these removal proceedings should it be determined that this action was not removable or

8   was improperly removed.

9        7.     Written notice of the filing of this Petition will be given to all parties to

10  this action as required by law.

11       8.     A true copy of this petition will be filed with Alameda County Superior

12  Court as provided by law.

13       9.     Defendant City of Oakland respectfully requests that this action be

14  removed to this court and that this court accept jurisdiction of this action.  The

15  aforementioned defendant further requests that this action be placed on the docket of this

16  court for further proceedings as if this action had been originally filed in this court.

17  DATED:  January 13, 2004

18                          JOHN A. RUSSO, City Attorney
19                          RANDOLPH W. HALL, Chief Assistant City Attorney
                            WILLIAM E. SIMMONS, Supervising Trial Attorney
20                          ARLENE M. ROSEN, Senior Deputy City Attorney

21

22              By: _____
23                  Attorneys for Defendant
                    CITY OF OAKLAND
24

25

26

DEFENDANT CITY OF OAKLAND'S                      3
PETITION FOR REMOVAL TO
FEDERAL COURT

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)
### ON FIRST AMENDED COMPLAINT

**NOTICE TO DEFENDANT:**  *(Aviso a Acusado)*

The CITY OF OAKLAND, V. RIVERA, Individually And In His Capacity As A Police Officer For The City of Oakland, B. KLINE, Individually And In His Capacity As A Police Officer For The City of Oakland, M. MUNOZ, Individually And In His Capacity As A Police Officer For The City of Oakland, INTEVENTION AGENCY, INC., LEONARD MONTALVO, DAVID POLARIS, SULTAN, JAMES WEISS, EVA GARCIA, DOES 1 To 600.

**YOU ARE BEING SUED BY PLAINTIFF:**

*(A Ud. le está demandando)*

ALEJANDRA CRUZ; OSCAR TINOCO, A Minor, By And Through His Guardian Ad Litem, ISABEL CRUZ; ALEJANDRO CRUZ; ISRAEL ORTIZ; CARLOS GALLARDO

| FOR COURT USE ONLY |
| --- |
| |

---

| | |
| --- | --- |
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de refenencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

---

The name and address of the court is: *(El nombre y dirección de la corte es)*

Superior Court of California, County of Alameda, 1225 Fallon Street Oakland, CA 94612

| CASE NUMBER: *(Número del Caso)* |
| --- |
| RG03 097560 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

STEVEN R. JACOBSEN ESQ. (Bar # 95246)
LAW OFFICES OF STEVEN R. JACOBSEN
1212 Broadway, Suite 900, Oakland, California 94612-1805

Phone No. (510) 465-1500
Fax No. (510) 465-1837

---

DATE:  DEC 0 3 2003
*(Fecha)*

ARTHUR SIMS
EXECUTIVE OFFICER/CLERK  Clerk, by  *Shirley E. Smith*  , Deputy
*(Actuario)*                *(Delegado)*

[SEAL: SUPERIOR COURT OF CALIFORNIA · EUREKA · COUNTY OF ALAMEDA]

NOTICE TO THE PERSON SERVED: You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (individual)
       [ ] other:
4. [ ] by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Judicial Council Forms for HotDocs™

*(See reverse for Proof of Service)*
SUMMONS

CCP 412
B&PC

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 3 2003

CLERK OF THE SUPERIOR COURT
By Cheryl Walkins, Deputy

STEVEN R. JACOBSEN
BAR No. 95246
JAMES L. ARMSTRONG
BAR No. 87797
LAW OFFICES OF STEVEN R. JACOBSEN
1212 BROADWAY, SUITE 900
OAKLAND, CALIFORNIA 94612-1805
(510) 465-1500

ATTORNEYS FOR PLAINTIFFS

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ALEJANDRA CRUZ, OSCAR TINOCO, A Minor, By And Through His Guardian Ad Litem, ISABEL CRUZ, ALEJANDRO CRUZ, ISRAEL ORTIZ, CARLOS GALLARDO, Plaintiffs, vs. The CITY OF OAKLAND, V. RIVERA, Individually And In His Capacity As A Police Officer For The City of Oakland, B. KLINE, Individually And In His Capacity, As A Police Officer For The City of Oakland, M. MUNOZ, Individually And In His Capacity As A Police Officer For The City of Oakland, INTEVENTION AGENCY, INC., LEONARD MONTALVO, DAVID POLARIS, SULTAN, JAMES WEISS, EVA GARCIA, DOES 1 To 600, Defendants. | No. RG03-097560 AMENDED COMPLAINT FOR DAMAGES FOR: 1. ASSAULT; 2. BATTERY; 3. FALSE ARREST; 4. FALSE IMPRISONMENT; 5. VIOLATION OF CIVIL RIGHTS; 6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; 7. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 8. NEGLIGENCE; 9. NEGLIGENT HIRING, TRAINING, SUPERVISION & DISCIPLINE; 10. PUNITIVE DAMAGES. |

Come now plaintiffs and allege as follows:

## PARTIES

1.      Plaintiffs were, at all times herein mentioned, residents of the apartment complex commonly known as Amber Tree Gardens, located at 2555 Foothill Blvd., in the City of Oakland, California, and the incidents and occurrences herein alleged

LAW OFFICES OF STEVEN R. JACOBSEN

occurred at the Amber Tree Gardens in the City of Oakland, California.  At no time mentioned herein did any plaintiff assault, batter or threaten any defendant herein, commit any crime against any defendant herein, or take any action that provoked or justified the actions of defendants complained of herein.

2.     Defendant City of Oakland is a municipal corporation, duly organized and existing under the laws of the State of California.  Defendant City of Oakland its supervisory employees and agents, Does 301 to 400, inclusive, shall hereinafter be referred to collectively as "City".

3.     At all times herein mentioned, defendants V. Rivera ("Rivera"), B. Kline ("Kline"), M. Munoz ("Munoz") and Does 1 to 100 were employed by the defendant City as police officers.  Said defendants are sued herein individually and in their capacity as police officers for the City, and are hereinafter collectively referred to as "defendant police officers".  In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by the City, and acted in concert with the other defendants.  In engaging in the conduct described herein defendant police officers exceeded the authority vested in them as police officers under the United States Constitution and California Constitution, and as employees of defendant City.

4.     Defendant Intervention Agency is a corporation, duly organized and existing under the laws of the State of California, and doing business in the City of Oakland, California.  Defendant Agency and its supervisory employees and agents. Does 401 to 500, inclusive, shall hereinafter be collectively referred to as "Agency".

5.     At all times herein mentioned, defendants Leonard Montalvo ("Montalvo"), David Polaris ("Polaris"), Sultan ("Sultan") and Does 101 to 200 were employed by the defendant Agency as security guards.  Said defendants are sued herein individually and in their capacity as employees of the Agency, and are hereinafter collectively referred to as "defendant security guards".  In engaging in the conduct described herein, defendant security guards acted under color of law and in the course and scope of their

1   employment by the Agency, and acted in concert with the other defendants. In

2   engaging in the conduct described herein defendant security guards exceeded the

3   authority vested in them as security guards under the United States Constitution and

4   California Constitution, and as employees of defendant Agency.

5       6.     At all times herein mentioned, James Weiss, Eva Garcia and Does 201 to

6   300 were the owners and managers of the apartment complex known as Amber Tree

7   Gardens, located at 2555 Foothill Blvd., Oakland, California. Said defendants are

8   hereinafter collectively referred to as "defendant Landlords". In engaging in the conduct

9   described herein, defendant Landlords acted under color of law and in concert with the

10   other defendants. Defendant Landlords were the principals and employers of

11   defendants Agency and security guards.

12       7.     In engaging in the conduct described herein, defendants Agency and

13   security guards acted under color of law and in the course and scope of their

14   employment by defendant Landlords. In engaging in the conduct described herein

15   defendants Agency and security guards exceeded the authority vested in them as

16   security guards under the United States Constitution and California Constitution, and as

17   employees of defendant Landlords.

18       7.     Plaintiffs are ignorant of the true names and capacities of defendants

19   Does 1 to 600, and therefore sue those defendants by such fictitious names. Plaintiffs

20   are informed and believe, and thereon allege that each defendant so named is

21   responsible in some manner for the injuries and damages suffered by plaintiffs as set

22   forth herein. Plaintiffs will amend this complaint to state the true names and capacities

23   of defendants Does 1 to 600, inclusive, when they have been ascertained.

24       8.     Plaintiffs are required to comply with an administrative claim requirement.

25   Plaintiffs have complied with all applicable requirements.

26                      <u>STATEMENT OF FACTS</u>

27       9.     On July 13, 2002, plaintiffs were lawfully on the premises of the Amber

28   Tree Gardens when defendant security guards arrived on the premises. Defendant

1   security guards ordered plaintiffs Israel Ortiz and Carlos Gallardo to leave the public

2   sidewalk in front of the Amber Tree Gardens and the common areas within Amber Tree

3   Gardens, and to enter each his own apartment. The security guards had no authority in

4   law to do so, and had no reason to suspect plaintiffs of having committed any crime.

5   Without any just provocation or cause, defendant security guards began to assault and

6   batter plaintiffs Ortiz and Gallardo.

7          10.    Defendant security guards assaulted and battered plaintiffs Ortiz and

8   Gallardo, repeatedly hitting them and kicking them after they had fallen to the ground,

9   striking plaintiffs' heads, bodies, arms, hands, and legs in the course of their attack.

10  Defendant security guards continued to assault and batter plaintiffs Ortiz and Gallardo

11  after they were lying on the ground and handcuffed.  One of the security guards

12  sprayed pepper spray in plaintiff Ortiz' face.

13         11.    Upon seeing the attack upon plaintiffs Ortiz and Gallardo, plaintiff

14  Alejandro Cruz asked defendant security guards why they were attacking plaintiffs.

15  Defendant security guards thereupon threatened with firearms, assaulted and battered

16  plaintiff Alejandro Cruz.

17         12.    Defendant police officers arrived at the Amber Tree Gardens.  At that

18  point, without probable cause or any justification in law, defendant security guards

19  caused plaintiffs Ortiz, Gallardo and Alejandro Cruz to be falsely arrested and

20  imprisoned by defendant police officers.  In so doing, defendant security guards knew,

21  or in the exercise of reasonable diligence should have known, that there was no cause

22  or justification in law to arrest and imprison said plaintiffs.  Notwithstanding said

23  knowledge, defendant security guards caused the arrest and imprisonment of said

24  plaintiffs.

25         13.    At the time that they arrested plaintiffs Ortiz, Gallardo and Alejandro Cruz,

26  defendant police officers knew, or in the exercise of reasonable diligence should have

27  known, that said plaintiffs had committed no crime, and that there was no cause or

28  justification in law to arrest and imprison said plaintiffs.  Notwithstanding said

1 knowledge, defendant police officers arrested and imprisoned said plaintiffs. Plaintiff
2 Alejandro Cruz was taken, handcuffed in a City of Oakland police car to a remote
3 location where he was held, then returned to his residence without charges. Plaintiffs.
4 Ortiz and Gallardo were taken to the City of Oakland jail where they were held without
5 bail or assistance of counsel for two days, then released. During the two days, they
6 were unable to attend to their usual occupations, and lost their jobs as a result. No
7 charges were filed against plaintiffs Ortiz, Gallardo or Alejandro Cruz.

8     14. During the course of the attack, assault, battery, arrest and imprisonment
9 of plaintiffs Ortiz, Gallardo and Alejandro Cruz, defendant security guards and
10 defendant police officers, acting under color of law, used excessive force and violence
11 upon the persons of plaintiffs Ortiz, Gallardo and Alejandro Cruz.

12     15. Several hours later, in the early morning of July 14, 2002, defendant
13 security guards returned to the Amber Tree Gardens, along with defendant police
14 officers. At that time, another occupant of the apartment occupied by plaintiffs Ortiz
15 and Gallardo took photographs of defendant security guards. Thereupon, in the
16 presence of, and with the approval, protection, authority and participation of defendant
17 police officers, defendant security guards broke, entered and trespassed into the
18 apartment, against the will of the occupants thereof, and attacked, threatened,
19 assaulted and battered plaintiff Oscar Tinoco, a minor child. During the attack, assault
20 and battery, defendant security guards and defendant police officers, acting under color
21 of law, used excessive force and violence upon the person of plaintiff Tinoco.

22     16. At that point, without probable cause or any justification in law, defendant
23 security guards caused plaintiff Tinoco to be falsely arrested and imprisoned by
24 defendant police officers. In so doing, defendant security guards knew, or in the
25 exercise of reasonable diligence should have known, that there was no cause or
26 justification in law to arrest and imprison said plaintiff. Notwithstanding said knowledge,
27 defendant security guards caused the arrest and imprisonment of said plaintiff.

28     17. At the time that they arrested plaintiff Tinoco, defendant police officers

1  knew, or in the exercise of reasonable diligence should have known, that said plaintiff
2  had committed no crime, and that there was no cause or justification in law to arrest
3  and imprison said plaintiff.  Notwithstanding said knowledge, defendant police officers
4  arrested and imprisoned said plaintiff.  Plaintiff Tinoco was cited and released.  No
5  charges were filed against plaintiff Tinoco.

6      18.    Plaintiff Alejandra Cruz, the mother of plaintiff Tinoco, was present at the
7  scene, and witnessed the attack, assault and battery upon, and the arrest of, her son,
8  plaintiff Tinoco.

9      19.    The above-described attacks, threats, assaults and batterings, and the
10  false arrests and imprisonment of plaintiffs by defendant security guards and police
11  officers were brutal, malicious, and without any just provocation or cause, proximately
12  causing injuries and damages to plaintiffs.

13      20.    Defendant City has and had a mandatory duty of care to properly and
14  adequately hire, train, retain, supervise and discipline its police officer employees so as
15  to avoid unreasonable risk of harm to citizens.  With deliberate indifference, the City
16  failed to take necessary, proper, or adequate measures in order to prevent the violation
17  of plaintiffs' rights and injuries and damages to plaintiffs.  The City breached its duty of
18  care to citizens in that it failed to adequately train, supervise and discipline its police
19  officers, including defendant police officers, in the proper use of force and arrest
20  authority, and/or failed to have adequate policies and procedures regarding the proper
21  use of force and arrest authority.    This lack of adequate supervisorial training
22  demonstrates the existence of an informal custom or policy of promoting, tolerating,
23  and/or ratifying the continuing use of excessive force toward the public by police officers
24  employed by defendant City.

25      21.    Based on information and belief, plaintiffs allege that prior to the dates of
26  the subject incidents involving plaintiffs, defendant police officers had a history of
27  engaging in acts of excessive force, alone and in concert with defendant security
28  guards, for which defendant City failed to properly and adequately train, supervise and

1  discipline said defendant police officers.

2      22.    Defendant Agency has and had a mandatory duty of care to properly and
3  adequately hire, train, retain, supervise and discipline its security guard employees so
4  as to avoid unreasonable risk of harm to plaintiffs and to other members of the public.
5  With deliberate indifference, defendant Agency failed to take necessary, proper, or
6  adequate measures in order to prevent the violation of plaintiffs' rights and injuries and
7  damages to plaintiffs. Defendant Agency breached its duty of care to plaintiffs in that it
8  failed to adequately train, supervise and discipline security guards, including defendant
9  security guards, in the proper use of force and arrest authority, and/or failed to have
10 adequate policies and procedures regarding the proper use of force and arrest
11 authority. This lack of adequate supervisorial training demonstrates the existence of an
12 informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of
13 excessive force toward plaintiffs and other members of the public by security guards
14 employed by defendant Agency.

15      23.    Based on information and belief, plaintiffs allege that prior to the date of
16 the subject incidents involving plaintiffs, defendant security guards had a history of
17 engaging in acts of excessive force, brutality and deprivation of rights, alone and in
18 concert with defendant police officers, for which defendant Agency failed to properly
19 and adequately train, supervise, and discipline said defendant security guards.

20      24.    Defendant Landlords had a mandatory duty of care to properly and
21 adequately hire, train, retain, supervise and discipline their security guard employees so
22 as to avoid unreasonable risk of harm to plaintiffs and to other members of the public.
23 With deliberate indifference, defendant Landlords failed to take necessary, proper, or
24 adequate measures in order to prevent the violation of plaintiffs' rights and injuries and
25 damages to plaintiffs. The Landlords breached their duty of care to plaintiffs in that
26 they failed to adequately train, supervise and discipline their security guards, including
27 defendant security guards, in the proper use of force and arrest authority, and/or failed
28 to have adequate policies and procedures regarding the proper use of force and arrest

authority.  This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward plaintiffs and other members of the public by security guards employed by defendant Landlords.

25.     Based on information and belief, plaintiffs allege that prior to the dates of the subject incidents involving plaintiffs, defendant security guards had a history of engaging in acts of excessive force, brutality and deprivation of rights, alone and in concert with defendant police officers, for which defendant Landlords failed to properly and adequately train, supervise, and discipline said defendant security guards.

<u>DAMAGES</u>

26.     Plaintiffs have been physically, mentally, and emotionally injured and damaged as a proximate result of the acts and omissions of defendants, as set forth above, including but not limited to: physical injury, severe emotional distress, loss of jobs and income, loss of freedom, and loss of constitutional and civil rights.

27.     Plaintiffs are entitled to recover economic damages according to proof, including but not limited to medical expenses and loss of income.

28.     Plaintiffs are further entitled to recover non-economic damages, including but not limited to, pain, suffering, loss of constitutional and civil rights, loss of freedom, and emotional distress.

29.     As a proximate result of defendants' conduct, plaintiffs suffered pain and physical injuries.  As a further proximate result of defendants' conduct, plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation and loss of their sense of security, dignity and pride.

30.     The conduct of defendant security guards, police officers, Agency and Landlords was malicious, wanton and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages as against said defendants.

31.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all

attorney's fees incurred in relation to this action for violation of their civil rights.

## FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1983)

#### (All plaintiffs against all defendants herein)

32.    Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33.    In doing the acts complained of herein, defendants acted under color of law to deprive plaintiffs of certain constitutionally protected rights including, but not limited to:

a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.    The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.    The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.    The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

e.    The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Wherefore, plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (42 U.S.C. Section 1983)

#### (All plaintiffs against defendant City)

34.    Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

35.    Defendant City, by and through its supervisory employees and agents, has and had a mandatory duty of care to properly and adequately hire, train, retain,

1  supervise and discipline its police officer employees so as to avoid unreasonable risk of
2  harm to plaintiffs and other members of the public.  With deliberate indifference,
3  defendant City failed to take necessary, proper, or adequate measures in order to
4  prevent the violation of plaintiffs' rights, and injuries and damages to plaintiffs.
5  Defendant City breached its duty of care to plaintiffs in that it failed to adequately train,
6  supervise and discipline its police officers, including defendant police officers, in the
7  proper use of force and arrest authority, and/or failed to have adequate policies and
8  procedures regarding the proper use of force.  This lack of adequate supervisorial
9  training demonstrates the existence of an informal custom or policy of City of
10 promoting, tolerating, and/or ratifying the continuing use of excessive force toward
11 plaintiffs and other members of the public by police officers employed by defendant
12 City.

13      36.    Based on information and belief, plaintiffs allege that prior to the dates of
14 the subject incidents involving plaintiffs, defendant police officers had a history of
15 engaging in acts of excessive force, of which defendant City or should have known for
16 quite some time prior to the subject incidents involving plaintiffs.  Based on information
17 and belief, plaintiffs further allege that despite its knowledge of defendant police
18 officers' repeated and egregious misconduct, defendant City failed to properly and
19 adequately train, supervise, and discipline said defendant police officers for said
20 repeated and egregious misconduct.

21      37.    The acts of defendant police officers alleged herein are the direct and
22 proximate result of the deliberate indifference of defendant City to the violation of the
23 constitutional rights of members of the public by defendant police officers herein, and
24 other members of the police department of the City.  Plaintiffs' injuries were a
25 foreseeable and proximate result of the deliberate indifference of defendant City to the
26 pattern, practices, customs and policies described above.

27      Wherefore, plaintiffs pray for relief as hereinafter set forth.

28  ///

## THIRD CAUSE OF ACTION

### (42 U.S.C. Section 1983)

#### (All plaintiffs against defendants Agency and Landlords)

38.    Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 37 of this Complaint.

39.    Defendants Agency and Landlords have and had a mandatory duty of care to properly and adequately hire, train, retain, supervise and discipline their security guard employees so as to avoid unreasonable risk of harm to plaintiffs and other members of the public. With deliberate indifference, defendants Agency and Landlords failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights, and injuries and damages to plaintiffs.   Defendants Agency and Landlords breached their duty of care to plaintiffs in that they failed to adequately train, supervise and discipline their security guards, including defendant security guards, in the proper use of force and arrest authority, and/or failed to have adequate policies and procedures regarding the proper use of force.   This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of Agency and Landlords of promoting, tolerating, and/or ratifying the continuing use of excessive force toward plaintiffs and other members of the public by security guards employed by defendants Agency and Landlords.

40.    Based on information and belief, plaintiffs allege that prior to the dates of the subject incidents involving plaintiffs, defendant security guards had a history of engaging in acts of excessive force, of which defendants Agency and Landlords knew or should have known for quite some time prior to the subject incidents involving plaintiffs.  Based on information and belief, plaintiffs further allege that despite their knowledge of defendant security guards' repeated and egregious misconduct, defendants Agency and Landlords failed to properly and adequately train, supervise, and discipline said defendant security guards for said repeated and egregious misconduct.

41.     The acts of defendant security guards alleged herein are the direct and proximate result of the deliberate indifference of defendants Agency and Landlords to the violation of the constitutional rights of members of the public by defendant security guards herein, and other employees of Agency and Landlords.  Plaintiffs' injuries were a foreseeable and proximate result of the deliberate indifference of defendants Agency and Landlords to the pattern, practices, customs and policies described above.

Wherefore, plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Assault and Battery-intentional)

### (Against all defendants herein)

42.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 41 of this Complaint.

43.     Defendant police officers and security guards, acting under color of law and under the direction of defendants City, Agency and Landlords, intentionally and wrongfully assaulted and battered plaintiffs Ortiz, Gallardo, Alejandro Cruz and Tinoco, proximately causing injuries and damages to said plaintiffs, and causing severe emotional distress to plaintiff Alejandra Cruz.  Said defendant police officers and security guards intended to assault and batter said plaintiffs, which assault and battery proximately caused plaintiffs' damages as herein set forth.

44.     As an actual and proximate result of said defendants' intentional and wrongful conduct against plaintiffs, plaintiffs have sustained economic loss and non-economic damages in amounts to be determined according to proof at trial.

Wherefore, plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Assault and Battery-Negligent)

### (Against all defendants herein)

45.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious,

1   extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all

2   allegations requesting punitive damages.

3        46.    The negligent act and omissions to act of all defendants, as set forth

4   hereinabove in the Statement of Facts portion of this Complaint, proximately caused the

5   injuries and damages to plaintiffs on July 13 and 14, 2002.

6        47.    As an actual and proximate result of said defendants' negligence,

7   plaintiffs have sustained economic and non-economic damages in amounts to be

8   determined according proof at trial.

9        Wherefore, plaintiffs pray for relief as hereinafter set forth.

10              ## SIXTH CAUSE OF ACTION

11          (Violation of Civil Code Section 52.1)

12        (Plaintiffs against all defendants herein)

13        48.    Plaintiffs reallege and incorporate by reference herein paragraphs 1

14   through 47 of this Complaint.

15        49.    The conduct of defendant police officers and security guards, as

16   described herein, acting in the course and scope of their employment by defendants

17   City, Agency and Landlords, violated California Civil Code Section 52.1, in that they

18   interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated

19   hereinabove, through the wrongful assault, battery, arrest and imprisonment of

20   plaintiffs.

21        50.    As a direct and proximate result of defendants' violation of Civil Code

22   Section 52.1, plaintiffs suffered violation of their constitutional rights, and suffered

23   damages as set forth herein.

24        51.    Since said conduct of said defendants occurred in the course and scope

25   of their employment, defendants City, Agency and Landlords are therefore liable to

26   plaintiff pursuant to respondeat superior.

27        52.    Plaintiffs are entitled to injunctive relief and an award of their reasonable

28   attorney's fees pursuant to Civil Code Section 52.1(b).

Wherefore, plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Plaintiffs against all defendants herein)

53.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 52 of this Complaint.

54.    The conduct of defendant police officers and security guards, as set forth hereinabove in the Statement of Facts portion of this Complaint, was extreme and outrageous and beyond the scope of conduct which should be tolerated by the public in a democratic and civilized society.   Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

55.    As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, plaintiffs are entitled to an award of punitive damages as against defendants.

Wherefore, plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Plaintiffs all defendants herein except defendant City)

56.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 55 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

57.    The wrongful conduct of defendants, as set forth hereinabove in the Statement of Facts portion of this Complaint, constitutes negligent conduct done with conscious disregard for the rights of plaintiffs.

58.    As a proximate result of defendants' negligent conduct, plaintiffs suffered

1   severe emotional and mental distress, having a traumatic effect on plaintiffs' emotional

2   tranquility.

3          Wherefore, plaintiffs pray for relief as hereinafter set forth.

4                          NINTH CAUSE OF ACTION

5                              (Negligence)

6   (Plaintiffs against all defendants herein except defendant City)

7          59.    Plaintiffs reallege and incorporate by reference herein paragraphs 1

8   through 58 of this Complaint, except for any and all allegations of intentional, malicious,

9   extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all

10  allegations requesting punitive damages.

11         60.    At all times herein mentioned, defendants had a duty of care to avoid

12  causing unnecessary physical harm and distress to others, pursuant to Civil Code

13  Section 1714(a). The wrongful conduct of said defendants, as set forth herein, did not

14  comply with the standard of care to be exercised by reasonable persons, proximately

15  causing plaintiffs to suffer injuries and damages as set forth herein.

16         61.    The wrongful conduct of said defendants that caused the damages to

17  plaintiffs, as set forth herein, constitutes negligent conduct done with conscious

18  disregard for the rights of plaintiffs.

19         62.    As a proximate result of said defendants' negligent conduct, plaintiffs

20  suffered physical injury, and severe emotional and mental distress and injury having a

21  traumatic effect on their emotional tranquility, and damages.   Said defendants are

22  therefore liable to plaintiffs.

23         Wherefore, plaintiffs pray for relief as hereinafter set forth.

24                          TENTH CAUSE OF ACTION

25  (Negligent Hiring, Retention, Training, Supervision, and Discipline)

26       (Plaintiffs against defendants City, Agency and Landlords)

27         63.    Plaintiffs hereby reallege and incorporate by reference herein paragraphs

28  1 through 62 of this Complaint, except for any and all allegations of international,

1  malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and
2  any and all allegations requesting punitive damages.

3      64.    Defendants City, Agency and Landlords, by and through their supervisory
4  employees and agents, have and had a mandatory duty of care to properly and
5  adequately hire, train, retain, supervise, and discipline their police officer and security
6  guard employees so as to avoid unreasonable risk of harm to plaintiffs and other
7  members of the public. With deliberate indifference, City, Agency and Landlords failed
8  to take necessary, proper, or adequate measures in order to prevent the violation of
9  plaintiffs' rights, and injuries and damages to plaintiffs. Defendants City, Agency and
10 Landlords breached their duty of care to plaintiffs in that they failed to adequately hire,
11 retain, supervise, discipline, and train police officers and security guards, including the
12 defendant police officers and security guards, in the proper use of force and arrest
13 authority, and/or failed to have adequate policies and procedures regarding the proper
14 use of force and arrest authority. This lack of adequate supervisorial training
15 demonstrates the existence of an informal custom or policy of promoting, tolerating
16 and/or ratifying the continuing use of excessive force and improper arrest toward the
17 public by police officers and security guards employed by defendants City, Agency and
18 Landlords.

19     65.    Based on information and belief, plaintiffs allege that prior to the dates of
20 the subject incidents involving plaintiffs, defendant police officers and security guards
21 had a history of engaging in acts of excessive force, of which defendants City, Agency
22 and Landlords knew or should have known for quite some time prior to the subject
23 incidents involving plaintiffs. Based on information and belief, plaintiffs further allege
24 that despite their knowledge of defendant police officers' and security guards' repeated
25 and egregious misconduct, defendants City, Agency and Landlords failed to properly
26 and adequately train, supervise, and discipline said defendant police officers and
27 security guards for said repeated and egregious misconduct.

28     66.    As a proximate result of the aforesaid conduct of defendants City, Agency

-16-

COMPLAINT FOR DAMAGES

1   and Landlords, plaintiffs suffered severe emotional and mental distress and injury
2   having a traumatic effect on plaintiffs' emotional tranquility, and damages.

JURY DEMAND

4       67.    Plaintiffs hereby demand a jury trial in this action.

PRAYER

6   Wherefore, plaintiffs pray for relief, as follows:

7       1.    For general damages in an amount to be determined at trial;

8       2.    For special damages according to proof;

9       3.    For punitive damages against all defendants except defendant City,
10  according to proof;

11      4.    For injunctive relief enjoining defendants City, Agency and Landlords from
12  authorizing, allowing, or ratifying the practice by any employee of defendants City,
13  Agency and Landlords from using unreasonable and excessive force against any
14  member of the public, pursuant to California Civil Code Section 52.1;

15      5.    For violation of California Civil Code 52 and 52.1, statutory damages, and
16  reasonable attorney's fees;

17      6.    For reasonable attorney's fees pursuant 42 U.S.C. Section 1988.

18      7.    For costs of suit herein incurred; and,

19      8.    For such other and further relief as the Court deems just and proper.

20  Dated: May 20, 2003.                    LAW OFFICES OF STEVEN R. JACOBSEN

22                              By _____
23                                      STEVEN R. JACOBSEN
24                                      Attorney for Plaintiffs

-17-
COMPLAINT FOR DAMAGES

**EXHIBIT B**

1 | JOHN A. RUSSO, City Attorney - State Bar #129729
2 | RANDOLPH W. HALL, Chief Assistant City Attorney - State
  | WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar
3 | ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar
  | One Frank H. Ogawa Plaza, 6th Floor
  | Oakland, California  94612
4 | Telephone:  (510) 637-0360              Fax:  (510) 238-6500
  | 22827/317578
5 |
  | Attorneys for Defendant
6 | CITY OF OAKLAND, et al.
7 |
8 |
9 |

**FILED BY FAX**
**ALAMEDA COUNTY**
**January 12, 2004**

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Dep

CASE NUMBER:
RG03097560

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

(UNLIMITED JURISDICTION)

| | |
|---|---|
| ALEJANDRA CRUZ,<br>OSCAR TINOCO, A Minor,<br>By And Through His Guardian Ad Litem,<br>ISABEL CRUZ,<br>ALEJANDRO CRUZ,<br>ISRAEL ORTIZ,<br>CARLOS GALLARDO,<br><br>       Plaintiffs,<br><br>vs.<br><br>The CITY OF OAKLAND,<br>V. RIVERA, Individually And In His Capacity<br>As A Police Officer For The City of Oakland,<br>B. KLINE, Individually And In His Capacity,<br>As A Police Officer For The City of Oakland,<br>M. MUNOZ, Individually And In His Capacity<br>As A Police Officer For The City of Oakland,<br>INTEVENTION AGENCY, INC.,<br>LEONARD MONTALVO,<br>DAVID POLARIS,<br>SULTAN,<br>JAMES WEISS,<br>EVA GARCIA,<br>DOES 1 To 600,<br><br>       Defendants. | Case No.  RG03097560<br><br>**DEFENDANTS CITY OF OAKLAND,<br>OFFICERS V. RIVERA, B. KLINE AND<br>M. MUNOZ' ANSWER TO COMPLAINT** |

1          Defendants CITY OF OAKLAND, OFFICERS V. RIVERA, B. KLINE and

2   M. MUNOZ' ANSWER TO COMPLAINT hereby answer, object, and otherwise respond to

3   the Complaint on file herein as follows.

4          Defendants generally deny each and every allegation contained in said

5   complaint.

6                   I.

7          **AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**, defendants

8   allege that the complaint fails to state a claim upon which relief can be granted.

9

10                  II.

11         **AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFNSE**,

12  defendants allege that the injuries and damages plaintiffs complain of resulted from the

13  acts and/or omissions of others, and without any fault on the part of these answering

14  defendants, or any of them.

15                  III.

16         **AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**,

17  defendants allege that any party or individual who contributed to and/or caused the

18  alleged damages was not acting as its agent or with its knowledge or within the course

19  and/or scope of employment with Defendant CITY OF OAKLAND.

20                  IV.

21         **AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**,

22  defendants allege that plaintiffs' claims are barred by all applicable Government Code

23  protections and immunities, including, but not limited to, Sections 815 through 900,

24  inclusive.  Said sections are pleaded as though fully set forth herein.

25  ///

26  ///

## V.

AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that all of the actions of defendants, and each of them, were undertaken in good faith and with the objectively reasonable belief that such actions were valid, necessary, reasonable, lawful and constitutionally proper, entitling these answering defendants to the qualified immunity of good faith.

## VI.

AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, if they, or any of them, in any fashion caused the injuries or damages alleged, although such liability is expressly denied herein, their acts and/or omissions were reasonable and privileged.

## VII.

AS A FURTHER, SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege, on information and belief, that plaintiffs failed to mitigate damages.

## VIII.

AS A FURTHER, EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, to the extent that plaintiffs allege or assert matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirements set forth in Government Code Section 905, et seq.

## IX.

AS A FURTHER, NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that this action is barred under Government Code § 945.6 by plaintiffs' failure to file this action within six months after denial of their claim by defendants.

## X.

AS A FURTHER, TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that this action is barred by all applicable statutes of limitations,

1   including, but not limited to, California Code of Civil Procedure Sections 338, 340 and

2   342.

3                                              XI.

4              AS A FURTHER, ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

5   defendants allege that this action is barred by the doctrine of unclean hands.

6                                              XII.

7              AS A FURTHER, TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,

8   defendants allege that this action is barred by the *doctrine of laches*.

9                                              XIII.

10             AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE

11  DEFENSE, defendants allege plaintiffs assumed the risk inherent in their own conduct, in

12  full knowledge of the likelihood of injury and/or damages.

13                                             XIV.

14             AS A FURTHER, FOURTEENTH, SEPARATE AND AFFIRMATIVE

15  DEFENSE, defendants allege that, pursuant to the provisions of California Government

16  Code §820.4, the City is immune from liability as the City's actions are an attempt to

17  validly enforce a law of the City of Oakland under the City's police powers.

18                                             XV.

19             AS A FURTHER, FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

20  defendants allege that, pursuant to California Government Code §820.2, the City is

21  immune from liability as the City's actions are an act of official discretion of the City.

22                                             XVI.

23             AS A FURTHER, SIXTEENTH, SEPARATE AND AFFIRMATIVE

24  DEFENSE, defendants allege that, if they, or any of them, performed any of the acts

25  and/or omissions complained of herein, then defendants were advancing a legitimate

26  public interest.

1                      XVII.

2       AS A FURTHER, SEVENTEENTH, SEPARATE AND AFFIRMATIVE

3 **DEFENSE**, defendants allege that, at all times herein mentioned, the acts complained of,

4 if any there were, were privileged under applicable statutes and case law.

5                      XVIII.

6       AS A FURTHER, EIGHTEENTH, SEPARATE AND AFFIRMATIVE

7 **DEFENSE**, defendants allege that, the complaint fails to state facts sufficient to constitute

8 a cause of action or for entitlement to recovery of attorneys' fees under either California

9 C.C.P. Section 1095 or Government Code Section 800.

10                      <u>PRAYER</u>

11       **WHEREFORE**, defendants pray that:

12           1.      Plaintiffs take nothing by their Complaint;

13           2.      Defendants have judgment against Plaintiffs;

14           3.      Defendants be awarded its costs of suit; and

15           4.      For such other and further relief as the Court may deem proper.

16 DATED:  January 9, 2004

17                  JOHN A. RUSSO, City Attorney
                     RANDOLPH W. HALL, Chief Assistant City Attorney

18                  WILLIAM E. SIMMONS, Supervising Trial Attorney
                     ARLENE M. ROSEN, Senior Deputy City Attorney

19

20       By: _____
                 Attorneys for Defendants

21                  City of Oakland, et al.

22

23

24

25

26

DEFENDANTS CITY OF OAKLAND, OFFICERS V. RIVERA,
B. KLINE AND MUNOZ' ANSWER TO COMPLAINT

## PROOF OF SERVICE
### Alejandra Cruz, et al. v. The City of Oakland, et al.
### Alameda County Superior Court No. RG03097560

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On January 12, 2004, I served the within document:

DEFENDANTS CITY OF OAKLAND, OFFICERS V. RIVERA, B. KLINE AND M. MUNOZ' ANSWER TO COMPLAINT

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐  by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by personally delivering the document(s) listed above to the person(s) set forth below.

STEVEN R. JACOBSEN, ESQ.
JAMES L. ARMSTRONG, ESQ.
LAW OFFICES OF STEVEN R. JACOBSEN
1212 Broadway, Suite 900
Oakland, California 94612-1805

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 12, 2004, at Oakland, California.

_Barbara J. Woods_
BARBARA J. WOODS

DEFENDANTS CITY OF OAKLAND, OFFICERS V. RIVERA,
B. KLINE AND MUNOZ' ANSWER TO COMPLAINT